MANDEL BROS. ET AL. *v.* UNITED STATES

**No. 5210.**—Invoices dated Kobe, Japan, April 24, 1935, etc.
Entered at Chicago, Ill., May 18, 1935, etc.
Entry Nos. 8841, etc.

(Decided April 11, 1941)

*G. W. R. Wallace (Joseph Schwartz* of counsel) for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Joseph E. Weil* and *Samuel D. Spector,* special attorneys), for the defendant.

EVANS, Judge: These consolidated appeals to reappraisement involve the question of the value of certain hooked rugs of various sizes entered at the port of Chicago, Ill. They were invoiced at 0.63 yen per square foot, plus cases and packing. The importer entered the rugs measuring 4 x 7 feet and over at 0.73 yen per square foot, and those measuring under 4 x 7 feet at 0.70 yen per square foot, to meet advances made by the appraiser in similar cases. They were appraised as entered.

At the hearing held at the port of Chicago, Ill., in reappraisements 112660–A and 113113–A the plaintiffs offered and there was received in evidence without objection on the part of the Government, the record in the case of Jordan Marsh Co., Reap. Dec. 4395, and the Government at a later hearing asked to have the two cases above enumerated and an additional case, No. 113161–A, consolidated for trial, which was done, there being no objection on the part of plaintiffs' attorney. The Government then moved to incorporate the record in reappraisement 112835–A, which was decided by the Third Division of the court and reported as Reap. Dec. 4819. The attorney for the

plaintiffs consented to the incorporation of the record specified and the judge hearing the case granted the motion.

Thereafter the attorney for the plaintiffs stated that in view of the fact that he would not file a brief, he desired to call to the attention of the court the fact that he had incorporated the record in a case which was decided in favor of his client, and the Government made up a new case which it won, the record in which was incorporated by the Government attorney; that the plaintiffs had nothing else to offer or say on the subject.

In view of the fact that the records were incorporated by consent, each litigant is estopped from denying that the merchandise is the same in each case, and that business conditions were the same during the period covered by the instant importations as they were at the time of exportation of the incorporated cases, although it is noted that the dates of exportation in the instant cases range from April 24, 1935, through March 2, 1936, whereas the dates of exportation in the incorporated cases range from the latter part of 1934 through December, 1935.

The case of *United States* v. *Jordan Marsh Co.*, Reap. Dec. 4819, *supra*, was a decision on review to a division of three judges, whereas the case of *Jordan Marsh Co.* v. *United States*, Reap. Dec. 4395, was not appealed to a division. In Reap. Dec. 4819, the court used the following language:

In our opinion there is ample evidence in the record to establish that the cotton rugs manufactured by T. Kurano were never sold by him directly to any American importer, nor was there any market for the same in Dairen for home consumption. All of the merchandise manufactured by Kurano, by agreement between the parties, was sold to the Oriental Purchasing Co. of Japan. Therefore, it is clear that the cotton rugs have no foreign value in Dairen, nor any export value, because the said merchandise is not freely offered for sale in Dairen to all purchasers. In fact, it is not offered for sale at all in Dairen. True, the testimony of the only witness in the case rather refutes the statements made by the special agents in their various reports, but in the circumstances, it is likely that the witness was not advised of all the facts attending sales by Kurano and thus was lead to believe that the sales were made in Dairen, thus creating a market.

As the importer has failed to establish that there is a foreign or export value for the rugs in Dairen, or any other statutory value therefor, the question as to whether Dairen is a part of Japan, or whether the merchandise entered the commerce of Japan, becomes immaterial. In view of the fact that the evidence submitted is clearly insufficient to establish Dairen as a market for rugs, either for home consumption or for export, we are of the opinion that the values found by the appraiser are presumptively correct.

Judgment will therefore be entered reversing the findings of the trial court, and holding the values found by the appraiser to be the dutiable value of the merchandise.

In view of the above decision I find that the value of the rugs in the instant case is 0.73 yen per square foot, plus bales and packing in the case of those measuring 4 x 7 feet and over, and 0.70 yen per

square foot, plus bales and packing in the case of those measuring under 4 x 7 feet, which values are the foreign values as defined in section 402 (c) of the Tariff Act of 1930.

Judgment will be rendered accordingly. It is so ordered.